UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:11-CV-1950-JAR |
| ) | |
| EDCON ENTERPRISES, LLC, d/b/a ) | |
| GRAND SLAM BAR AND GRILL, and ) | |
| EDWARD A. PUPILLO, individually, ) | |
| ) | |
| Defendants/Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| COMPLETE MUSIC INC., and ) | |
| DANIEL T. SIMS, individually, ) | |
| ) | |
| Third-Party Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Third-Party Defendants Complete Music, Inc. and Daniel T. Sims' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted and/or Motion for a More Definite Statement [ECF No. 33]. Defendants/Third-Party Plaintiffs filed a Memorandum in Opposition [ECF No. 40]. Third-Party Defendants did not file a reply. The Motion is, therefore, fully briefed and ready for disposition.

**Background**

This is an action for copyright infringement brought by Plaintiff Broadcast Music, Inc. ("BMI") pursuant to 17 U.S.C. §§ 101 et. seq. (the "Copyright Act"), against Defendants Edcon Enterprises, LLC ("Edcon") and Edward A. Pupillo ("Pupillo"). BMI is a performing rights society which acquires non-exclusive public performance rights from copyright owners, including music publishing companies and independent composers. The other named Plaintiffs are the copyright owners of the musical compositions which are the subject of this action. BMI alleges seven claims

...

of willful copyright infringement based on Defendants' unauthorized public performance of musical compositions from the BMI repertoire on the evening of May 14, 2011 and the early morning of May 15, 2011.

Defendants filed a Third-Party Complaint against Complete Music, Inc. ("Complete Music"), an event services company that provides disc jockeys, and Daniel T. Sims ("Sims"). Specifically, Defendants state they engaged Complete Music to perform at Grand Slam, using its own equipment and play lists, based on representations made by its employee, Jason A. Moore ("Moore"), that Complete Music had the appropriate music license agreements. Defendants state they were justified in relying on Moore's assertions as an agent/employee of Complete Music and are entitled to recover from Complete Music the entirety of any judgment for BMI against Defendants.

**Legal Standard**

The standards governing motions to dismiss are well-settled. A complaint will not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. Syndicated Office Systems, Inc. v. Guardian Life Ins. Co. of America, 2006 WL 1520635, at *2 (E.D.Mo May 31, 2006) (citing Breedlove v. Earthgrains Banking, 140 F.3d 797, 799 (8th Cir.1998) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). When deciding a motion to dismiss under Rule 12(b)(6), a court assumes all material facts alleged in the complaint are true. Davis v. Monroe City Bd. of Educ., 526 U.S. 629, 633 (1999). A court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint." McMorrow v. Little, 109 F.3d 432, 434 (8th Cir.1997); see also Stone Motor Co. v. Gen. Motors Corp., 293 F.3d 456, 464 (8th Cir.2002). Thus, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to

relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

In support of their motion, Third-Party Defendants first argue that Third-Party Plaintiffs have failed to state a claim against Sims in that the Third-Party Complaint makes no averment referencing Sims, individually, let alone any facts constituting a cause of action against Sims. For these reasons, the Court finds Third-Party Plaintiffs have failed to state a claim upon which relief can be granted against Sims and the motion to dismiss will, therefore, be granted as to Sims.

With respect to Complete Music, Third-Party Defendants argue that Complete Music's liability in this case is based solely upon Third-Party Plaintiffs' allegation that Moore was an employee of Complete Music, yet they have failed to plead facts demonstrating that Moore was, in fact, an employee and/or agent of either Complete Music.  In addition, Third-Party Defendants state it is unclear whether Third-Party Plaintiffs are actually asserting claims for indemnity and/or contribution. (Memorandum in Support of Motion to Dismiss, Doc. No. 34, pp. 3-4).

Third-Party Plaintiffs respond that they have stated a claim for negligent misrepresentation, specifically, that Complete Music "is in the business of providing event services including disc jockey services;" that Complete Music asserted, by and through its employee Jason Moore, that it was properly licensed to publicly perform; and that Grand Slam justifiably relied on Moore's assertions. (Memorandum in Opposition, Doc. No. 40, p. 5). Third-Party Plaintiffs state the Third-Party Complaint "inferentially" alleges that if a judgment is entered against them, it will be because the information supplied to them by Moore, on behalf of Complete Music, was materially false. (Id., p. 6).

Third-Party Plaintiffs further argue they have alleged facts sufficient to show that Complete Music is vicariously liable for Moore's actions. In particular, Third-Party Plaintiffs allege that: (1) an employee-employer relationship existed between Complete Music and Jason Moore; (2) Complete Music is in the business of providing DJ services and Mr. Moore is a DJ; (3) Mr. Moore made representations that he not only worked for, but also spoke on behalf of Complete Music; and (4) Mr. Moore was conducting DJ services which is clearly within the scope of his employment with Complete Music. (Id., pp. 7-8).

Under the doctrine of respondeat superior, the plaintiff has the burden of proving that an employee's tortious conduct was within the course and scope of his employment. Oetting v. Heffler, Radetich & Saitta, LLP, 2011 WL 3055235, *2-3 (E.D.Mo. July 25, 2011) (citations omitted). Third-Party Plaintiffs' assertions that Complete Music is vicariously liable for Moore's actions are merely conclusory allegations and are not sufficient to state a claim. Moreover, Third-Party Plaintiffs have not pled facts which support a claim for contractual or non-contractual indemnity and/or contribution. See Beeler v. Martin, 306 S.W.3d 108, 110-11 (Mo.App. W.D. 2010) (citing SSM Health Care St. Louis v. Radiologic Imaging Consultants, LLP, 128 S.W.3d 534, 539 (Mo.App. 2003)). To the extent Third-Party Plaintiffs are alleging claims against Complete Music for respondeat superior, indemnity and/or contribution, the Court will deny the motion to dismiss and grant Third-Party Plaintiffs leave to amend the Third-Party Complaint to make their claims more definite.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted [33] is **GRANTED** as to Third-Party

Defendant Daniel T. Sims and **DENIED** as to Third-Party Defendant Complete Music, Inc. Daniel T. Sims is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Third-Party Defendants' alternative Motion for a More Definite Statement [33] is **GRANTED** as to Third-Party Defendant Complete Music, Inc.

**IT IS FURTHER ORDERED** that Third-Party Plaintiffs shall have ten (10) days, up to and including July 23, 2012, to file an amended third-party complaint in support of their claims for respondeat superior, indemnity and/or contribution.

Dated this 13th day of July, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE